UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAUL D. APPLEBY

            Plaintiff,            CIV. S-03-0762 PAN

    v.

JO ANNE B. BARNHART,           Memorandum of Decision
Commissioner of Social
Security,

           Defendants.

—o0o—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c). Third, the medical

evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. §§ 404.1520(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. §§ 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §§ 404.1520(f).

Defendant found plaintiff was eligible, has "severe status post cervical spine fracture, depression" but no listed impairment, that plaintiff cannot perform his past work as janitor, forklift operator, tire changer, construction laborer or furniture mover but retains the capacity for some light work such as light assembly, product inspector and packer, and is not disabled.  Tr. 17-18.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.  Bates v. Sullivan, 894 F.2d 1059,

1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. <u>Gonzalez v. Sullivan</u>, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

  Plaintiff claims defendant erred in rejecting the opinion of plaintiff's treating physician, erred in failing to recognize that plaintiff suffers from other severe impairments that incapacitate him from work, erroneously rejected plaintiff's testimony about his impairments, failed to consider whether plaintiff's symptoms would interfere with continuous and sustained work activity, and based her decision upon expert vocational opinion that did not consider all of plaintiff's impairments.

  On February 28, 2002, Dr. Dintiman, plaintiff's treating physician, made a report to Tehema County Welfare Services that plaintiff was unable to perform full-time work due to a cervical

3

fracture, carpel tunnel syndrome and depression, and many medicines he was taking made it impossible for him to lift and decreased his arm strength.  Dr. Dintiman thought plaintiff could return to full-time work by March 1, 2003.  Tr. 244.  Defendant rejected the evidence on the following grounds:

> Such reports were prepared to excuse the claimant from a county work program and, in any event, provide no specific limitations except that he is unable to lift.  These assessments are inconsistent with the medical progress records around the same time indicating that the claimant's muscle strength was intact.  In any event, the activities reported by the claimant would be consistent with his capacity for lifting and carrying at least ten pounds, i.e., he testified that he goes fishing on occasion, feeds the dogs and in a pre-hearing questionnaire reported on March 29, 2001, indicated that he cooks, grocery shops, vacuums. . . . It is also noteworthy that when he presented to the emergency room on January 11, 2000, for right wrist pain, the claimant indicated that he had been cutting wood with a chain saw when it kicked back on him and abducted his right wrist.  Tr. 15.

That the report was prepared to excuse plaintiff from work is irrelevant.  The only allegedly inconsistent progress record identified by defendant was from nearly a year before.  Tr. 210.  A treating physician's finding that plaintiff cannot lift is not consistent with finding he can lift ten pounds.  None of the reasons cited confront Dr. Dintiman's concern about the amount of medicine plaintiff was taking.  And if defendant thought, because of the incident with the chain saw a year before, that plaintiff was malingering and Dr. Dintiman was naively basing his opinion upon exaggerated symptomology, defendant should have addressed that issue head on so that the

decision could be reviewed according to established legal standards for that sort of thing.

The opinion of a treating physician is entitled to deference because he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). Such an opinion is not necessarily conclusive as to either the physical condition or the ultimate issue of disability. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n. 7 (9th Cir. 1989). When other medical evidence contradicts that of the treating physician, the treating physician's opinion may be rejected only if the ALJ gives "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Magallanes, 881 F.2d at 751, 755. In this case, the reasons provided are not legitimate and the decision therefore must be reversed. Because the other issues raised by plaintiff are intertwined with this threshold question, the court declines to address them at this stage.

The decision denying benefits is reversed and remanded for further proceedings.

Dated: May 9, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge